**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1813-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v,

DONALD THOMAS,

    Defendant-Appellant.

_____

Submitted July 19, 2022 – Decided August 11, 2022

Before Judges Mayer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 09-12-1320.

Jardim, Meisner & Susser, PC, attorneys for appellant (Michael V. Gilberti, on the briefs).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Donald Thomas, appeals from a February 11, 2021 Law Division order denying his second petition for post-conviction relief (PCR). After carefully reviewing the record in view of the governing legal principles, we affirm.

I.

This case arises from a gang-related armed robbery and felony murder committed in July 2009. In 2012, a jury convicted defendant of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree robbery, N.J.S.A. 2C:15-1(a)(2); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and violations of regulatory provisions relating to firearms, N.J.S.A. 2C:39-10(a). The weapons and robbery convictions were merged with the felony murder conviction, and the trial judge granted the State's motion to sentence defendant to an extended term of sixty years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

On direct appeal, we affirmed defendant's convictions and sentence. State v. Thomas, No. A-5424-11 (App. Div. Feb. 22, 2016). The Supreme Court denied certification. State v. Thomas, 227 N.J. 217 (2016). In February 2017, defendant filed his first PCR, claiming that he received ineffective assistance from both his trial and appellate counsel. After hearing oral arguments on

defendant's petition, the first PCR judge, who was also the trial judge, convened an evidentiary hearing. In April 2018, the judge denied that petition. We affirmed that decision, State v. Thomas, No. A-2032-17 (App. Div. Dec. 20, 2018).

On January 5, 2021, defendant filed the present PCR. He contends that he is entitled to a new trial based on what he claims is newly discovered evidence in the form of potential testimony from two witnesses, Z.J. and M.W.[1] The second PCR judge (PCR court) denied defendant's petition without an evidentiary hearing, rendering an oral decision on the record.

The relevant facts pertaining to the robbery and murder for which defendant was convicted are set forth in our direct appeal opinion and in our opinion affirming the denial of defendant's first PCR. To briefly summarize, the State proved at trial that defendant, a ranking member of a street gang, ordered a juvenile gang member, D.S., to rob and shoot the victim, L.O. D.S. was fifteen years old at the time of the shooting. D.S. testified that he joined the street gang when he was thirteen years old. D.S.'s brother introduced him to defendant, who was "a big homey of [their] group," meaning that he had "ranking" in the gang.

---

[1] Recognizing that this is a gang-related case, we use initials to protect the privacy interests of the victim, his family, and witnesses.

A few weeks before the shooting, defendant asked D.S. to hold a handgun gun for him "until he asked for it back." On July 8, 2009—two days before the robbery and murder—defendant told D.S. that he needed the gun back and D.S. returned it to him.

According to D.S., on the night of the murder he was with defendant and other gang members at a bar. Defendant asked D.S. to leave with him and they walked out onto a street. Defendant gave D.S. a gun and ordered him to rob L.O., who was sitting in a car parked on the street. Defendant ordered D.S. to shoot L.O. if he did not comply.

While defendant watched, D.S. approached the driver's side of the car in which L.O. and a friend were sitting. D.S. knocked on the window and pointed a gun at L.O. and the friend. D.S. instructed L.O. "to give me his money and his chain." When L.O. attempted to drive away, D.S. shot him. L.O. later succumbed to his gunshot wounds. Together, D.S. and defendant ran from the scene. D.S. returned the gun to defendant at defendant's request.

D.S. testified that he pulled the trigger on purpose "because [he] was told to." D.S. testified that another gang member threatened him, leading D.S. to believe that he would be killed if he refused to commit the robbery.

A-1813-20

At trial, the State presented video surveillance from the bar. The video showed defendant with D.S. and two other men just before the murder. A detective also testified that he investigated the murder and interviewed defendant. The detective described several inconsistencies with defendant's statements to the police, including that defendant initially denied knowing D.S.

Defendant raises the following contentions for our consideration:

POINT I

THE LAW DIVISION ERRED AS A MATTER OF LAW IN APPLYING THE CARTER CRITERIA [STATE v. CARTER, 85 N.J. 300, 314 (1981)] AND IN DENYING MR. THOMAS THE RELIEF REQUESTED.

A. THE COURT ERRED IN REJECTING MR. THOMAS' PETITION

    i. THE STANDARD FOR NEWLY-DISCOVERED EVIDENCE.

    ii. THE COURT ERRED IN HOW IT APPLIED THE STANDARD FOR NEWLY-DISCOVERED EVIDENCE.

    iii. [M.W.]'S AFFIDAVIT PROVIDES SUBSTANTIVE, EXCULPATORY EVIDENCE.

    iv. [Z.J.'S] AFFIDAVIT PROVIDES SUBSTANTIVE EXCULPATORY EVIDENCE.

B.  THE COURT ERRED IN NOT ORDERING AN
EVIDENTIARY HEARING ON THESE MATTERS.

Defendant also contends in his reply brief:

POINT I

[M.W.]'S AFFIDAVIT PROVIDES SUBSTANTIVE,
EXCULPATORY EVIDENCE

POINT II

WHEN VIEWED TOGETHER WITH [M.W.]'S
TESTIMONY, [Z.J.'S] AFFIDAVIT PROVIDES
SUBSTANTIVE, EXCULPATORY EVIDENCE

POINT III

THE COURT ERRED IN NOT ORDERING AN
EVIDENTIARY HEARING ON THESE MATTERS.

II.

Because we affirm substantially for the reasons explained by the PCR

court, we need not re-address defendant's arguments at length.  We add the

following comments.

Post-conviction relief serves the same function as a federal writ of habeas

corpus.  State v. Preciose, 129 N.J. 451, 459 (1992).  "A jury verdict that has

been upheld on appeal 'should not be disturbed except for the clearest of

reasons.'"  State v. Nash, 212 N.J. 518, 541 (2013) (quoting State v. Ways, 180

N.J. 171, 187 (2004)).  Accordingly, when petitioning for PCR, a defendant must

establish by a preponderance of the credible evidence that he or she is entitled to the requested relief. Ibid. (citing Preciose, 129 N.J. at 459). The defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992). We review the denial of a PCR petition affording "deference to the trial court's factual findings . . . 'when supported by adequate, substantial and credible evidence.'" State v. Harris, 181 N.J. 391, 415 (2004) (alteration in original) (quoting Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

Short of obtaining immediate relief, a defendant may prove that an evidentiary hearing is warranted to develop the factual record. See Preciose, 129 N.J. at 462–63. A defendant is entitled to an evidentiary hearing only when (1) he or she is able to prove a prima facie case, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. R. 3:22-10(b). A defendant "must do more than make bald assertions" to establish a prima facie case entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999); see also State v. Porter, 216 N.J. 343, 355 (2013) (second alteration in original) ("[A] defendant is not entitled to an evidentiary

hearing if the 'allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing[.]'" (quoting State v. Marshall, 148 N.J. 89, 158 (1997))).

Aside from the substantive constitutional principles that govern PCR claims, our Supreme Court has promulgated court rules that prescribe the practices and procedures for filing and reviewing PCR petitions. R. 3:22-1 to -12. Rule 3:22-4(b) explains when a defendant may file a second or subsequent petition for PCR. That rule provides:

> A second or subsequent petition for post-conviction relief shall be dismissed unless:
>
> (1) it is timely under R. 3:22-12(a)(2); and
>
> (2) it alleges on its face either:
>
>> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>>
>> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>>
>> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented

the defendant on the first or subsequent application for postconviction relief.

[R. 3:22-4.]

Turning to the substantive legal principles governing this appeal, the test for granting a new trial based on newly-discovered evidence is stringent. See Carter, 85 N.J. at 314. The Court in Carter stressed

> that to qualify as newly discovered evidence entitling a party to a new trial, the new evidence must be (1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted. All three tests must be met before the evidence can be said to justify a new trial.

[Ibid. (citations omitted).]

### III.

Applying the foregoing legal principles to the matter before us, we agree with the PCR court that defendant failed to meet the demands of the Carter test. Defendant argues that the guilty verdicts for felony murder and robbery are based on what he characterizes as the "uncorroborated testimony" of D.S. Defendant argues that affidavits sworn to by Z.J. and M.W. "directly refut[e] [D.S.'s] story, casting great doubt on the jury's verdict and establishing [defendant's] innocence." The PCR court carefully reviewed those affidavits

and correctly applied the three-element test for a new trial based on newly discovered evidence.

We note with respect to Z.J.'s affidavit, the PCR court initially determined that defendant's new PCR contention was procedurally barred because Z.J.'s potential testimony was already considered as part of the first PCR. In these circumstances, we believe defendant's second PCR was subject to dismissal because he failed to establish that the factual predicate for the relief he seeks could not have been discovered earlier through the exercise of reasonable diligence. R. 3:22-4(b)(2)(B). Despite this deficiency, the PCR court proceeded to consider defendant's contention on its merits, applying the substantive test for newly discovered evidence set forth in Carter.

The PCR court determined that Z.J. was not a newly-discovered witness because defendant had previously presented the same affidavit from her as part of his first PCR. Defendant has thus failed to establish the second prong of the Carter test, which requires that the potential testimony could not have been discovered by reasonable diligence.

The PCR court also examined the content of Z.J.'s May 14, 2019 affidavit in view of the trial evidence and determined that she failed to provide details

10

about the gun she claims to have observed[2] so that her affidavit does not establish that the gun she saw in her hallway was the gun used to commit the present murder.  We add that, as an acknowledged gang member, D.S. might have had access to more than one gun.  The PCR judge concluded that defendant failed to establish the third prong of the Carter test because Jones' testimony would not have led the jury to a different verdict.  We have no basis upon which to overturn that determination.  This is not a situation in which the alleged newly discovered evidence "would shake the very foundation of the State's case and almost certainly alter the earlier jury's verdict."  Nash, 212 N.J. at 549.

Turning to M.W.'s affidavit, the gravamen of defendant's argument is that it weakens D.S.'s testimony.[3]  As the PCR judge aptly noted, even accepting as true the claims made in M.W.'s affidavit, his testimony would merely contradict

---

[2]  Z.J. attests in her May 14, 2019 affidavit that

> [o]n the day of July 10, 2009, I noticed a hand gun in my hallway.  I asked [whose] gun it was and that they need[ed] to take it out of my hallway.  That's when [D.S.] said it was his gun and he grabbed it and put it in his pants and said[,] "My bad, I'm sorry, I got it."

[3]  In his October 16, 2019 affidavit, M.W. attests that he did not discuss the robbery with defendant and D.S. in the bar that night.  He instead claims that they simply had drinks together, in direct contradiction to D.S.'s account of what transpired at the meeting at the bar.

and impeach portions of D.S.'s testimony. M.W.'s potential testimony thus fails to meet the requirements set forth in the first prong of the <u>Carter</u> test. 85 N.J. at 314. Relatedly, the PCR court also determined that M.W.'s potential testimony would not have changed the jury verdict. We agree that defendant has failed to establish that M.W.'s testimony was "of the sort that would probably change the jury's verdict if a new trial were granted." <u>Ibid.</u>

To the extent we have not addressed them, any remaining contentions raised by defendant lack sufficient merit to warrant discussion. <u>See</u> <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1813-20